UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WILLIAM J. HIGGINS, *Pro Se*<br><br>　　Plaintiff,<br><br>v.<br><br>GENERAL MILLS INC., CHAIRMAN CHIEF EXECUTIVE OFFICER GENERAL MILLS, INC., STEPHEN W. SANGER, THE PILLSBURY COMPANY, DIRECTORS - THE PILLSBURY COMPANY, PROGRESSO QUALITY FOODS COMPANY, DISTRIBUTORS - PROGRESSO QUALITY FOODS COMPANY<br><br>　　Defendants. | Civ. Case: #2-02-00208 (AR) (LB) |

---

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE FOR A MORE DEFINITIVE STATEMENT**

---

　　　　　　　　　　　　　　　　SILLS CUMMIS RADIN TISCHMAN
　　　　　　　　　　　　　　　　　EPSTEIN & GROSS, P.A.
　　　　　　　　　　　　　　　　712 Fifth Avenue
　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　(212) 643-7000
　　　　　　　　　　　　　　　　Attorneys for Defendants

Of Counsel
　Stuart M. Feinblatt

On the Brief
　William Louis Hurlock

## Table of Contents

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 4 |
| I. PLAINTIFF MUST ABIDE BY COURT RULES AS A *PRO SE* LITIGANT | 4 |
| II. THE DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED PURSUANT TO Fed. R. Civ. P. 8 | 5 |
| III. THE DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED PURSUANT TO Fed. R. Civ. P. 12(b)(6) | 8 |
| IV. IN THE ALTERNATIVE, THE DEFENDANTS ARE ENTITLED TO A MORE DEFINITIVE STATEMENT OF THE COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(e) | 10 |
| CONCLUSION | 11 |

# Table of Authorities

CASES                                                                                                                PAGE

Alsaifulla v. Travis, 160 F.Supp. 417 (E.D.N.Y. 2001) ............................... 8

Amnay v. Del Labs, 117 F. Supp. 2d 283 (E.D.N.Y. 2000) .......................... 4

Browne v. New York State Ct. Sys., 599 F.Supp. 36 (E.D.N.Y. 1984) .................... 8

Farrell v. Child Welfare Admin., 77 F. Supp. 2d 329 (E.D.N.Y. 1999) .................. 8

Humphreys v. Nager, 962 F. Supp.347 (E.D.N.Y. 1997) ........................ 5,8,10

Iwachiw v. New York City Bd. of Ed., 194 F. Supp. 2d 194 (E.D.N.Y. 2002) ........... 4,5,8

Jedrejcic v. Croatian Olympic Comm., 190 F.R.D. 60 (E.D.N.Y. 1999) .................. 4

Mathews v. Kilroe, 170 F.Supp. 416 (S.D.N.Y. 1959) .............................. 8

RULES

Fed. R. Civ. P. 8 (a)(2) ............................................................ 5

Fed. R. Civ. P. 8(e)(1) ............................................................ 5

Fed. R. Civ. P. 10(b) .............................................................. 6

Fed. R. Civ. P. 12(b)(6) ............................................................ 8

Fed. R. Civ. P. 12(e) ............................................................. 10

## **PRELIMINARY STATEMENT**

In his hand written collection of random thoughts, *pro se* plaintiff William J. Higgins, Jr., attempts to invoke the power of this Court to act. But before he can invoke the authority of this Court, he must first comply with the Court's Rules. The most basic of these Rules is that of notice pleading.

At present, the defendants are at a total loss as to the legal basis for plaintiff's suit. After reading what purports to be the Complaint, the defendants cannot discern what, if any, cause or causes of action, Mr. Higgins is attempting to assert. The purported Complaint is merely an unorganized collection of random thoughts, which violate numerous provisions of the Federal Rules of Civil Procedure and the case law of this Circuit.

It is for these reasons that the defendants respectfully request that this Court dismiss the purported Complaint for failure to meet the minimal threshold of notice pleading, Fed. R. Civ. P. 8, and for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6). Should this Court deny the defendants' motion to dismiss, defendants respectfully request that the plaintiff should be required to file a more definitive statement of the Complaint pursuant to Fed. R. Civ. P. 12(e).

## STATEMENT OF FACTS

On or about January 10, 2002[1], *pro se* plaintiff William J. Higgins, Jr., filed what purports to be a Complaint in the United States District Court for the Eastern District of New York. On its face, the twenty-eight page Complaint appears to comply with the Rules of this Court. However, as one begins to read the Complaint, it becomes apparent that numerous Rules, protecting the rights of both parties, have been violated.

The initial paragraphs of the Complaint are numbered. However, after asserting the appropriate jurisdictional statements, the Complaint suddenly turns into a collection of random, unorganized, unnumbered, handwritten thoughts, interspersed with two pages of a type-written narrative and a laundry list of what purports to be causes of action. It is for the most part unintelligible.

Many of the thoughts are not conveyed in complete or coherent sentences. For example, in his Complaint, plaintiff makes such statements as: "Joint and several liability is the cutting edge because it allows this plaintiff to go after <u>deep pockets</u> of the defendants et al." Complaint at first page labeled "15" (emphasis in original). The plaintiff continues: "Label of philosophy of compensation requested by plaintiff against defendants for for specified personal injury torts." Complaint at second page labeled "15." Plaintiff then writes: "For substantial, significant damages, punitive damages, and recover all court, legal expert witness fees, etc. as stated. Defendants negligence, use of the Federal mail to forward a letter to consumer, AD and fully acted in inequitable, unreasonable, unfair manner to intensify mental, physical damages to this [indecipherable]." Complaint at page "20." These statements are indicative of the tone and tenor

---

[1] It is unclear when the Complaint was actually filed in this case. The document bears a file stamp of January 8, 2002, from the Pro Se Office. The Civil Docket sheet states that the Complaint was filed on January 10, 2002. The Complaint itself, is of course, undated.

of the Complaint.

      To further complicate matters, the individuals and entities listed in the caption and body of the Complaint do not match those on the Summons. Thus, it is unclear which parties are properly before this Court. The complaint, as written, makes it impossible for the defendants to adequately fashion an adequate defense and answer.

## ARGUMENT

I.  **PLAINTIFF MUST ABIDE BY COURT RULES AS A *PRO SE* LITIGANT**

Plaintiff William Higgins is appearing in this matter *pro se*. While it is true that the Court is to make reasonable allowances to protect *pro se* litigants, "**such protection does not exempt a party from compliance with relevant rules of procedure and substantive law.**" See Amnay v. Del Labs, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000) (dismissing *pro se* plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2)) (emphasis added); Iwachiw v. New York City Bd. of Ed., 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002) (dismissing *pro se* plaintiff's complaint for failing to comply with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6) and because it was unintelligible); Jedrejcic v. Croatian Olympic Comm., 190 F.R.D. 60, 69 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for failure to satisfy federal jurisdictional requirements). It is well settled that ignorance of the law, "**even in the context of *pro se* litigants,**" is unacceptable. Amnay, 117 F. Supp.2d at 283 (emphasis added).

As set forth above, a *pro se* plaintiff must comply with the Federal Rules of Civil Procedure. The *pro se* plaintiff in this case cannot be excused because of his *pro se* status and his complaint must comply with the Federal Rules of Civil Procedure. For the reasons detailed below, it does not.

4

II.       **THE DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED PURSUANT TO Fed. R. Civ. P. 8**

It is unequivocal that a complaint filed in this Court must satisfy the Federal Rules of Civil Procedure. "A pleading which sets forth a claim for relief, whether an original claim, . . . shall contain . . . 2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, "[e]ach averment of a pleading shall be simple, concise, and direct. Fed. R. Civ. P. 8(e)(1). See Humphreys v. Nager, 962 F. Supp. 347, 350-51 (E.D.N.Y. 1997) (dismissing plaintiff's *pro se* complaint for failing to, among other things, meet the minimal threshold of Fed. R. Civ. P. 8).

A "district court has the authority to dismiss a complaint, when it fails to comply with Rule 8." Iwachiw, 194 F. Supp. 2d at 200. Dismissal is warranted when the "complaint is so **confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.**" Id. at 200 (emphasis added). "The function of pleadings under the Federal Rules is to give **fair notice** of the claim asserted. **Fair notice** is that which will enable the adverse party to answer and prepare for trial . . . ." Id. (emphasis added) (internal citations omitted). This Court dismissed the plaintiff's Complaint in Iwachiw precisely because it consisted of sixty-seven paragraphs that were "largely unintelligible." Id. at 198.

For the sake of fairness, "[t]he complaint must at least 'sufficiently **appraise a defendant of the charges asserted against it.**'" Humphreys, 962 F. Supp. at 351 (emphasis added) (internal citations omitted). This Court has consistently held that "where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Id. at 351.

5

Further,

> [a]ll averments of claims or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation count or defense whenever a separation facilities the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b).

Respectfully, the plaintiff's complaint fails to satisfy the most basic rules. Indeed, in this case, the defendants do not have the benefit of being "**appraised**" of the charges asserted against them. The defendants are listed in the caption and in the jurisdictional statements. However, they are only mentioned in a cursory manner in the remainder of the Complaint.

No notice is given as to the claimed legal basis for suing the named defendants. In particular, there is no notice as to why the individual officers of the defendants' corporations are named in the Complaint. One is at a loss as to the basis for plaintiff's claims. The individual defendants should be immediately dismissed from the Complaint.

Moreover, nowhere in the complaint are the causes of action married to the facts. Indeed, it is almost impossible for the defendants to discern plaintiff's assertions. There is no attempt to limit the paragraphs as far as practicable to a statement of a single set of circumstances as set forth in Fed. R. Civ. P. 10(b).

Other than the first two pages, the paragraphs of the Complaint are unnumbered. After the first two pages, there are no paragraphs at all. Rather the Complaint becomes an unorganized collection of random handwritten thoughts. Plaintiff has even failed to consecutively number all the pages of the Complaint.

Dismissal of the plaintiff's Complaint is warranted because it is so confused, ambiguous, vague and unintelligible. Its true substance, if any, is well disguised. It is so well disguised that the

defendants cannot draft an adequate defense to the Complaint as drafted. It is the very type of Complaint that this Court has dismissed as unintelligible in the past.

### III. THE DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED PURSUANT TO Fed. R. Civ. P. 12(b)(6)

It is well settled that when considering a motion to dismiss pursuant to Rule 12(b)(6), this Court "must accept the factual allegations in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff." See Alsaifulla v. Travis, 160 F.Supp. 417, 419 (E.D.N.Y. 2001) (internal citations omitted) (dismissing *pro se* plaintiff's complaint pursuant to Rule 12 (b)(6) for failing to adequately plead his complaint); see also Farrell v. Child Welfare Admin., 77 F. Supp. 2d 329, 331 (E.D.N.Y. 1999) (dismissing *pro se* complaint pursuant to Fed. R. Civ. P. 12(c) instead of Fed. R. Civ. P. 12(b)(6) since the pleadings were closed for failing to plead sufficient facts and adequately raise the claims in the complaint). In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must confine its "consideration to the facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Iwachiw, 194 F. Supp. 2d at 201.

Dismissal is appropriate where it appears beyond a doubt that the plaintiff can prove no facts in support of their claims, which would entitle relief. Id. at 420. [E]ven a *pro se* complaint **must contain specific facts supporting its conclusions**." Id. (emphasis added). The central issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support their claims. Humphreys, 962 F.Supp. at 350.

"The complaint should, as a minimum, indicate clearly the defendants against whom relief is sought and the basis upon which the relief sought against the particular defendants." Browne v. New York State Ct. Sys., 599 F.Supp. 36, 37 (E.D.N.Y. 1984) citing, Mathews v. Kilroe, 170 F.Supp. 416, 417 (S.D.N.Y. 1959) (dismissing *pro se* plaintiff's complaint for, among other reasons, the Complaint was unintelligible). Indeed, "[t]o do less than this is to cause an injustice to persons

8

who are named as defendants in an action." <u>Browne</u>, 599 F.Supp. at 37.

As stated above, the plaintiff's Complaint should be dismissed. It is true that plaintiff has alleged certain facts. However, plaintiff has failed to include any conclusions in his Complaint that are married or relate to the facts. This lack of relation make it impossible for the defendants to fashion a defense and to draft an answer to the Complaint.

The complaint as drafted fails to satisfy the basic threshold enumerated by this Court. It does not, as a minimum, indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants. As stated above, it is unclear how the defendants relate to the facts as set forth. Moreover it is unclear how these facts form the basis upon which the relief is sought. The Complaint is a mere collection of random, unorganized thoughts and it is impossible for the defendants to craft a defense or draft an answer.

**IV.**     **IN THE ALTERNATIVE, THE DEFENDANTS ARE ENTITLED TO A MORE DEFINITIVE STATEMENT OF THE COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(e)**

Should this Court decline to dismiss the plaintiff's Complaint it its entirety, the Defendants respectfully request a more definitive statement of the Complaint. As stated in Fed. R. Civ. P. 12(e):

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading.

"A Rule 12(e) motion should only be made . . . when the complaint states a cause of action and the party seeking dismissal cannot frame an answer." Humphreys, 962 F.Supp. at 353. Moreover, a 12(e) motion is proper where a complaint pleads a viable legal theory, but is so unclear that the defendant cannot respond to it. Id.

The defendants strongly assert that the Complaint, as drafted, is fatally flawed for the reasons outlined at length above, and should be dismissed. However, should this Court deny the defendants' motion to dismiss, the defendants respectfully request the plaintiff provide a more definite statement of his Complaint. The Complaint readily falls into the category of the "vague or ambiguous" pleading addressed in Rule 12(e).

The allegations are nearly incomprehensible. In its present form, it is impossible for the defendants to adequately respond to the Complaint or prepare a coherent defense. It would be unfair to require the defendants to answer without a more definite statement of the Complaint, setting forth in plain, straightforward, coherent English the facts underlying the allegations, the relationship between those facts and the defendants, and the basis for plaintiff's recovery. Accordingly, should this Court deny the defendants' motion to dismiss, defendants respectfully request that the plaintiff be required to provide a more definite statement of his Complaint.

10

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss should be granted pursuant to Fed. R. Civ. P. 8 and 12(b)(6). In the alternative, should this Court deny the defendants' motion to dismiss the Complaint, the plaintiff should be required, pursuant to Fed. R. Civ. P. 12(e), to file a more definite statement of the allegations and claims asserted therein

New York, New York
June 21, 2002

                                      Respectfully Submitted,

                                      SILLS CUMMIS RADIN TISCHMAN
                                      EPSTEIN & GROSS, P.A.,
                                      Attorneys for Defendants

                                      By: _____
                                          Stuart M. Feinblatt (SF 8903)