SILLS CUMMIS RADIN TISCHMAN
  EPSTEIN & GROSS, P.A.
712 Fifth Avenue
New York, New York 10019
(212) 643-7000
Attorneys for Defendants

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★   JUN 27 2002   ★

P.M.
TIME A.M.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WILLIAM J. HIGGINS, *Pro Se* | Civ. Case: #2-02-00208 (AR) (LB) |
|     Plaintiff, | |
| v. | **AFFIDAVIT OF WILLIAM LOUIS** |
| | **HURLOCK IN SUPPORT OF** |
| GENERAL MILLS INC., CHAIRMAN CHIEF | **DEFENDANTS' MOTION TO DISMISS** |
| EXECUTIVE OFFICER GENERAL MILLS, | **OR IN THE ALTERNATIVE FOR A** |
| INC., STEPHEN W. SANGER, THE | **MORE DEFINITE STATEMENT OF** |
| PILLSBURY COMPANY, DIRECTORS - THE | **THE COMPLAINT** |
| PILLSBURY COMPANY, PROGRESSO | |
| QUALITY FOODS COMPANY, | |
| DISTRIBUTORS - PROGRESSO QUALITY | |
| FOODS COMPANY | |
|     Defendants. | |

STATE OF NEW JERSEY    )
                          ) ss:
COUNTY OF ESSEX       )

    WILLIAM LOUIS HURLOCK, of full age, being duly sworn according to law, upon his oath, deposes and says:

    1.    I am an attorney employed by Sills Cummis Radin Tischman Epstein & Gross, P.A., attorneys for the defendants General Mills, Inc., et al. ("defendants"). I submit this Affidavit in support of the defendants' motion to dismiss the Complaint of William J. Higgins, Jr., *Pro Se* or in the alternative a more definite statement of the Complaint.

    2.    Attached hereto as Exhibit A is true and correct copy of the Complaint served on the

defendants.

_____
WILLIAM LOUIS HURLOCK

Sworn to before me this
21 st day of June , 2002

_____
Notary Public

DEBORAH A. PIERCE
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 3/21/2007

2

Exhibit A

United States District Court
Eastern District of New York

William J Higgins Jr Pro Se
            Plaintiff

        Against                          Complaint

                              Plaintiff Demands Trial By Jur

Defendants Name
General Mills Inc.
General Mills Inc Chairman, Chief Executive Officer Stephan W San
The Pillsbury Company, Directors
Progresso Quality Foods Company, Directors, Distributors.

1. At all Times Hereinafter Mentioned Plaintiff
   Was And Still Is A Resident of New York State
   Residing At 86L Glen Keith Road, Glen Cove New York 115:

2. Defendant
   General Mills Inc.
   General Mills Inc, Chairman, Chief Executive Officer
   Stephan W. Sanger
   The Pillsbury Company, Directors
   Progresso Quality Foods Company, Directors, Distributo

And Having A Main Office At: General Mills Inc.
One General Mills Blvd, Minneapolis, Minn 55426
The Pillsbury Company Company, Directors
2866 Pillsbury Center, Minneapolis Minn.
55402
Progresso Quality Foods Company, Directors, Distributors
P. O. Box 555, Vineland, New Jersey 08360

RECEIVED
JAN 08 2002
PRO SE OFFICE

DEFENDANT IS A RESIDENT
MINNEAPOLS, MINN 56426
MINNEAPOLIS, MINN 55402
VINELAND, NEW JERSEY 08360

3. THE JURISDICTION OF THIS COURT
IS INVOKED PURSUANT TO 28 USC 1335
LONG ARM STATUTE OF THE FEDERAL
USC TO COMPLAIN IN CIVIL ACTION
AGAINST ALL DEFENDANTS, ARTICLE
3 STATUTE 2 AUTHORIZES THE FEDERAL
DISTRICT COURT TO HEAR COMPLAINTS

4. GIVE A CLEAR AND CONCISE STATEMENT
OF FACT UPON WHICH YOU ARE BASING
YOUR COMPLAINT (SEE ATTACHED).

5. WHEREFORE PLAINTIFF DEMANDS:
MONEY DAMAGES IN THE AMOUNT OF
$ 250,000.00 PUNITIVE DAMAGES
AND RECOVERY OF OUT OF POCKET
EXPENSES FOR LEGAL COSTS CONSULTING

PERMANENT INJUNCTION AGAINST
THE DEFENDANT FROM PERFORMING
CERTAIN ACTS IN THE FUTURE

ANY FURTHER RELIEF WHICH THE
COURT MAY DEEM APPROPRIATE

William J Aygo Jr
86 Glen Keith Road
Glen Cove Manor Ford 11542
516 674 4366

On or about November 30, 2001, I consumed one can of Progresso Quality Foods Company New England Clam Chowder. On that particular day I placed the contents of can of Progresso New England Clam Chowder into a clean pot and then a soup bowl both which were clean. I consumed that product which contained a large shell approximately 1/4 to 1/2 inch in diameter causing irritation to my teeth, mouth, swallowing most of the shell into my stomach and spit the remainder onto the kitchen table. I placed particles of shell into Progress soup can and wrapped it with clear plastic. I became extremely panicky, emotionally confused and thought that shell particles were damaging my mouth, teeth, bloodied my mouth, throat and stomach. Immediately after consuming the shell I took bread to absorb the sharp shell particles that were consumed in my body. I went into emotional shock and placed myself on the bed. I then took a tranquilizer prescribed by an MD as I currently suffer from major depression and anxiety.

I spent the afternoon in bed and watched for further blood flow from mouth and from bowel movement for a few days. I remained at home for a few days considering medical treatment. I observed a very dark color in waste product. I was confused, in trauma and watched closely for further damage. I continued taking my tranquilizers and panic medication and watched for further blood in waste produce. I was terrified, panicky, emotionally drained and exhausted for days. I called my psychiatrist, visited his office and told him of circumstances. I discussed emotional panic, anxiety and stress brought about by the swallowing of the shell.

On or about Dec. 3, 2001 I called to General Mills consumer complaint Dept. in Minneapolis, Minnesota, corporate parent of Progresso Quality Foods Company and discussed occurrence with their representative. Unsatisfied I tried to speak to the Chairman of the Board to complain. I was told he was unavailable. I then spoke at another time with Mr. Hagen, Manager of complaints. I complained to him and stated my intention of filing a complaint in court. He consulted with management and offered consideration of insignificant amount for damages. I have all dates and phone numbers of people contacted at General Mills etc.

Damages have been sustained, mental damage, physical damage and economic damage. I state the following causes of action to sue General Mills Inc., its subsidiaries i.e. Pillsbury, Progresso Foods Company and their directors as well as the Chairman and the Vice Chairman of General Mills.

Causes of Action are as follows:

Product Liability
Negligent Product Liability
Tort of Negligence
Strict Liability
Tort Liability
Pain and Suffering
Misrepresentation
Conscience Shocking
Contributory Negligence
Culpa Lata
Absolute Liability
Failure to actin a manner that would be reasonable
Neglect - failure to act with reasonable care, a duty which should be performed by law
Non Performance - failure to perform by obligation
Negligent consideration - something of value given in exchange for something else
Nuisance

Failure to perform adequate inspection of product
Prima Facie cause for negligence
Res Ipsa Loquitur
Joint and several liability
Ad Damnum
Manufacturing defects
Breach of Warranty
Negligent Infliction of emotional distress
Tort Damages - restore plaintiff to pre tort position economic damage physical pain,
        mental distress

I remained in severe stress disorder for many days until the stress and worry caused me substantial and significant chest pain. I went directly to my general practitioner doctor, who saw me immediately without an appointment. He did a cardiogram and contacted Saint Francis Hospital in Nassau County. He sent me directly to the emergency room of that hospital where I met my wife. I was immediately treated with intravenous, cardiogram and medication by numerous emergency room doctors and registered nurses who monitored physical condition for a number of hours.

I submit to this honorable court this is an honest sworn complaint attached. I set forth all facts as occurred with causation, significant, substantial causes of actions against defendants. I also set forth this complaint and plead that this civil action be entered into the Federal District Court at Cadman Plaza, Brooklyn, New York indexed and seek relief for damages in the amount of $700,000. Further, I ask this honorable court to provide relief and grant to this plaintiff permission to proceed under the long arm statute of the U.S.C. to sue all defendants more precisely under 28 U.S.C. s 1331. I plead that this court will grant plaintiff jurisdiction of these defendants under U.S. Constitution Article 3 Statute 2 authorizes the Federal Court to hear cases where parties are from different states as well as authorization to serve complaint summons on all defendants in this action and proceed with legal counsel to set forth into this court all the defendants in this action as I seek judicial relief for all sustained mental, physical and economic damages. I also ask that the honorable court grant relief for punitive damages to the plaintiff as the honorable court deems reasonable along with relief of all court costs, possible fees etc. Negligence by a large corporation and shameless consideration cannot be left untold as the consumer has every legal right to bring defendants to this court.

I wish to thank this honorable court for its consideration of this complaint and pray that its is accepted into this court.

①

THE PLAINTIFF IN THIS FEDERAL ACTION IN THIS HONORABLE DISTRICT COURT IN THE COUNTY OF KINGS BROOKLYN, NEW YORK SETS FORTH PLEADINGS, COMPLAINT, NOTARIZED DOCUMENT AND STATES THAT HE PERSONALLY IS OF PAUPER STATUS OWING APPROXIMATELY THE SUM OF + 116.00 HAS NO STOCKS, BONDS, MUTUAL FUNDS MUNICIPAL FUNDS, TRUST FUNDS, ESTATES, AUTOMOBILES AND PLAINTIFF IS ON CONTINUING PERMANENT DISABILITY FROM THE SOCIAL SECURITY ADMINISTRATION FOR SIGNIFICANT REASONS ATTACHED, RECEIVES MONTHLY INCOME OF $1380.00 FROM SOCIAL SECURITY DISABILITY, 101.00 FROM VETERANS ADMINISTRATION FOR DISABILITY. THE PLAINTIFF IS MARRIED RESIDES AT 86 L GLEN KEITH ROAD GREAT COVE NEW YORK 11542 AND STATES TO THIS HONORABLE COURT A SUBSTAINT COMPLAINT FOR A SIGNIFICANT DAMAGES ECONOMIC, MENTAL, PHYSICAL ETC WHICH RESULTED FROM CONSUMPTION OF PRODUCT WHICH WAS NEGLIGENTLY PRODUCED, MANUFACTURED, MARKETED BY ALL DEFENDANTS JOINTLY ET. AL. WHICH RESULTED TO CAUSED IRREPERABLE UNREVERSABLE DAMAGE TO PLAINTIFF RESULTING IN HOSPITALIZATION FOR CHEST PAINS, ANGIAGRAM IN ST FRANCIS HOSPITAL PORT WASHINGTON NEW YORK EMERGENCY TREATMENT BY PERSONAL MEDICAL DOCTOR FOR CHEST PAIN, PSYCHIATRIC TREATMENT

PSYCHIATRIST AND LASTRY HOSPITALIZATION
IN NORTH SHORE UNIVERSITY HOSPITAL
IN GLEN COVE RECENTLY FOR CHEST
PAIN, AUTOMOBILE ACCIDENT WHILE
TRAVELING TO FEDERAL DISTRICT
COURT, CENTRAL ISLIP NEW YORK
FOR PRO SE DOCUMENTS TO
FILE COURT COMPLAINT. THE
PLAINTIFF IN THIS COMPLAINT REQUESTS
THIS HONORABLE COURT DISTRICT COURT
AT CADMAN PLAZA BROOKLYN NEW
YORK TO RECIEVE ALL DOCUMENTS
COPIES OF DOCUMENTS, COMPLAINT
SOCIAL SECURITY DOCUMENTS, PAUPER
STATUS FORMS APPROXIMATELY
TWENTY PAGES OF COMPLAINT
FILED IN THIS DISTRICT COURT
THIS EIGHTH OF JANUARY, 2002
ALONG WITH ADDITIONAL 2 PAGES
STATING COMPLAINT FOR APPROXIMATELY
TWENTY ITEMS FOR PRODUCT LIABILITY
TORT STRICT, ABSOLUTE, LIABILITY, TORT OF
NEGLIGANCE, MISREPRESENTATION, FRAUD
CONTRIBUTORY NEGLIGENCE NEGLIGANCE
CULPA LATA CULPA LATA, NEGLECT, NON,
PERFORMANCE, NEGLIGENT CONSIDERATION,
PRIMA FACIE CAUSA FOR NEGLIGANCE

RES IPSA LOQUITUR, JOINT
AND SEVERAL LIABILITY,
AD DEMUM, MANUFACTURING
DEFECTS, BREACH OF WARRANTY
NEGLIGENT INFLICTION OF EMOTIONAL
STRESS PHYSICAL DAMAGES
MENTAL DAMAGES ECONOMIC
DAMAGE, TORT DAMAGES (RESTORE
PLAINTIFF TO PRE TORT POSITION
ETC. PLAINTIFF SUBMITS TO THIS
HONORABLE     DISTRICT COURT
AN HONEST TRUTHFUL COMPLAINT
WHICH WAS CAUSED BY ALL DEFENDANT
STATED IN THE STATE OF NEW
YORK.          THE PLAINTIFF
WITH CLEAN HANDS ENTERS THIS
COMPLAINT INTO THIS FEDERAL
DISTRICT COURT AND SEEKS RELIEF
FOR SIGNIFICANT DAMAGES CAUSED
BY ALL DEFENDANTS JOINTLY FILAL,
IN THE AMOUNT OF $950,000.00
PUNITIVE DAMAGES AS DEEMED
REASONABLE AGAINST ALL DEFENDANTS
AND SEEKS RELIEF FOR ALL INCURRED COURT



WHICH WILL BE SUBSTANTIATED.
THE PLAINTIFF REQUESTS THIS
HONORABLE             DISTRICT
FEDERAL COURT TO GRANT PLAINTIFF
JURISDICTION OF ALL DEFENDANTS
UNDER THE U.S. CONSTITUTION
ARTICLE 3 STATUTE 2 AUTHERIZING
THIS FEDERAL DISTRICT COURT TO
HEAR CASES OF CIVIL ACTION
WHERE PARTIES ARE FROM DIFFERENT
STATES AS WELL AS AUTHORIZATION
TO SERVE COMPLAINT ON ALL
DEFENDANTS JOINTLY, PERSONALLY
BY SUMMONS DELIVERED TO
ALL DEFENDANTS
THE U.S. FEDERAL MARSHALL     BY
THE LONG ARM STATUTE OF THE
U.S. USC PRECISELY 28 U.S.C.
S 1331 PERMITS SUCH. THE PLAINTIFF
WILL STATE AS MANY CAUSES OF
ACTIONS, COMPLAINTS UNDER ALL
U.S. USC TITLES STATUTES CODES
AS POSSIBLE IN ALL OF THE FOLLOWING DOCS

WHERE PARTIES ARE FROM DIFFERENT STATES AS AS AUTHORIZATION TO SERVE COMPLAINT SUMMONS ON ALL DEFENDANTS IN THIS ACTION. TITLE 28 USC ALLOWS FEDERAL DISTRICT COURTS JURISDICTION OVER DEFENDANTS PART IV GRANTS JURISDICTION AND VENUE. FEDERAL DISTRICT COURT GRANTS JURISDICTION BASED ON DIVERSITY S 1332. COURT HAS JURISDICTION OVER FEDERAL ISSUE APPLY GIBBS. DISTRICT COURTS HAVE JURISDICTION OF ALL CIVIL ACTIONS ARISING UNDER THE CONSTITUTION LAWS OF U.S. USC 1331. DISTRICT COURTS HAVE ORIGINAL JURISDICTION WHEN MATTER IN CONTROVERSY EXCEEDS $50,000.00 AND IS BETWEEN CITIZENS OF DIFFERENT STATES USC S 1332. ADUCO ("FIELD" PREEMPTION THAT FEDERAL LAW COMPLETELY DISPLACES STATE LAW. HOLMES (AMER. WELL WORK) - AN ACTION CAN ARISE UNDER THE LAW THAT CREATES THE CAUSE OF ACTION. CARDOZO (GUILTY TEST; FIRST FED LAW AN ELEMENT OF THE CLAIM. DIVERSITY EXISTS FOR EACH CLAIM. CORPORATIONS PRINCIPAL PLACE OF BUSINESS STATE OF INCORPORATIONS CAN BE ENTOINED UNDER JURISDICTION OF THE COURT UNDER S 1332 OF USC. DIVERSITY PREVENTS PREJUDICE AND ALLOWS PLAINTIFF TO AGGREGATE ALL CLAIMS AGAINST DEFENDANTS. S 1331 USC POLICY CAN DETERMINE JURISDICTION ON FIRST PROPERLY FILED COMPLAINT ARTICLE III OF THE CONSTITUTION PERMITS THE JOINDER OF ADDITIONAL PARTIES. IF A FEDERAL RULE COVERS THE ISSUE IN QUESTION AND IF THE FEDERAL RULE IS CONSTITUTIONAL (COMPORTS WITH THE RULE ENABLING ACT) THEN THE FEDERAL RULE MUST BE APPLIED. TITLE 28, PART IV CHAPTER 85 GRANTS DISTRICT COURTS JURISDICTION S 1332. DIVERSITY OF CITIZENSHIP STATUTE (a) DISTRICT COURTS SHALL HAVE JURISDICTION OVER ALL NAMED DEFENDANTS. TITLE 28 USC CHAPTER 85 GRANTS DISTRICT COURTS JURISDICTION UNDER SECTIONS S 1330, S 1331, S 1332, S 1339 POSTAL MATTER PLACING DOCUMENTS IN FEDERAL US MAIL, S 1349, S 1350 ACTION FOR TORT, S 1355, S 1357. INJURIES UNDER FEDERAL LAWS, S 1359 PARTIES COLLUSIVELY JOINED, JOINTLY UNDER S 1366, FRAUD - BREACH OF CONTRACT, RESTORE PLAINTIFF BACK TO PRE TORT POSITION, FRAUDULENT MISREPRESENTATION

MISREPRESTATION (OF) (6) PRODUCT,

PRACING .          - DOCUMENTS

INTO THE U.S. MAIL (COPY ATTACHED)

PLAINTIFF WILL ALLEGA THAT

ALL OF THE DEFENDANTS JOINTLY ET. AL,

ARE FRAUDLENT IN MISREPRESENTING

PRODUCT, WHICH CONTAINED HARMFUL

ABNORMALLY DANGEROUS CLAMSHELL

PARTICLES, FAILED UNDER BREACH

OF WARRANTY TO PRODUCE, MANUFACTUR,

MARKET, A REASONABLE SAFE CONSUMABLE

PRODUCT BROUGHT UPON PLAINTIFF

SIGNIFICANT SUBSTANTIAL PHYSICAL

MENTAL, ECONOMIC DAMAGES

EXTREME PANIC, ANXIETY, MENTAL

ANGUISH, HARM, ALARM AND

THAT DEFENDANTS JOINTLY (ALL)

ET. AL ARE OF DIRTY HANDS.

IN ADDITION TO ALL REQUESTED

MONETARY DAMAGES  SET FORTH

THE PLAINTIFF ASKS THIS HONORABLE

COURT TO PUNISH ALL DEFFONDANTS JOINTLY

ET. AL. AND ASSESS REASONABLE          AS

PUNITIVE DAMAGES AGAINST ALL NAMED

(7)

THE PLAINTIFF UNDER PAUPER STATUS
SETS FORTH THAT UNDER THE
TITLES, ARTICLES, STATUTES OF
THE FEDERAL U.S.C. CODE UNDER
THE DECLATORY JUDGEMENT ACT
THAT THIS HONORABLE COURT
MUST RECEIVE. PLAINTIFF'S HUMBLE
WELL PLEADED COMPLAINT AGAINST
ALL DEFFENDANTS JOINTLY ET. AL
ARTFULLY PLEADED TO THE BEST
OF PLAINTIFF'S ABINITY IN FEDERAL
DISTRICT COURT BROOKLYN, NEW YORK
AND THAT JURISDICTION OF ALL
DEFFENDANTS JOINTLY
IS PERMITTED UNDER LAWS OF THE
~~USC~~ U.S.C U.S.C. §S 1331 DIVERSITY
USC S 1332, ARTICLE 3, STATUTE 2
~~2 OF THE~~ OF THE UNITED STATES
CONSTITUTION.

(8)

S 1441 (1) A CORPORATION SHALL BE DEEMED TO
BE A CITIZEN OF ANY STATE WHICH IT IS
INCORPORATED AND OF THE STATE WHERE IT HAS
ITS PRINCIPAL PLACE OF BUSINESS. TITLE 28
PART IV CHAPTER 85 SECTION 1357 STATUTE
THE DISTRICT COURT SHALL HAVE JURISDICTION
OF ANY CIVIL ACTION BY ANY PERSON
TO RECOVER DAMAGES FOR ANY INJURY
TO HIS PERSON. TITLE 28, PART IV CHAPTER 85 GRANTS
DISTRICT COURTS ORIGINAL AND EXCLUSIVE
JURISDICTION IN ANY CONTROVERSART COMMENCED
BY A PERSON, TITLE 28 PART IV
CHAPTER 87 GRANTS DISTRICT COURT VENUE UNDER
SEC 1391, 1392,, 1411 (JURY TRIAL) TITLE 28
PART IV CHAPTER 87 STATUTE (a) A CIVIL
ACTION WHEREIN JURISDICTION IS FOUNDED
ONLY ON DIVERSITY EXCEPT AS OTHERWISE
PROVIDED BY LAW BE BROUGHT IN (1) A JUDICIAL
DISTRICT WHERE DEFENDANT RESIDES (2)
JUDICIAL DISTRICT IN WHICH A SUBSTANTIAL
PART OF EVENTS GIVING RISE TO THE CLAIM
OCCURRED. ~~OR A SUBSTANTIAL PART OF PROPERTY~~
~~THAT IS SUBJECT OF THE ACTION IS SITUATED~~
~~(3) A~~ TITLE 28 PART IV CHAPTER 159
STATUTE IN ANY CIVIL ACTION OF INTERPLEADER
UNDER SECTION 1335 OF THIS TITLE A DISTRICT
COURT MAY ISSUE ITS PROCESS FOR ALL
CLAIMANTS AND ENTER ITS ORDER RESTRAINING
THEM FROM INSTITUTING OR PROSECUTING
ANY PROCEEDING IN ANY STATE OR UNITED
STATES COURT. ~~AFFECTING THE PROPERTY~~
~~TIL FURTHER ORDER OF THE COURT~~.

PLAINTIFF ARGUES FOR RELIEF UNDER THE DOCTRINE OF STRICT LIABILITY, PLAINTIFF CAN RECEIVE COMPENSATION FOR DAMAGES WITHOUT SHOWING ANYTHING OTHER THAN THE MANUFACTURER DID MARKET A PRODUCT THAT WAS UNREASONABLY DANGEROUS. PLAINTIFF IS NOT REQUIRED TO SHOW HOW THE PRODUCT'S DEFECT CAME INTO BEING, PLAINTIFF ONLY HAS TO SHOW PRODUCT WAS DEFECTIVE i.e. THAT THE MANUFACTURER OFFERED THE PRODUCT FOR SALE TO ENTER THE STREAM OF COMMERCE AND THAT INJURY RESULTED FROM DEFECTIVE PRODUCT. DEFENDANTS (AHL) TORT CAUSED PLAINTIFF INJURIES AND WHICH WAS THE RESULT OF THE NEGLIGENCE OR INTENTIONAL MISCONDUCT. PLAINTIFF SUSTAINED TORT OF NEGLIGENCE WHEN THE DEFENDANTS CAUSED SUFFERING A LOSS, DUE TO FAILURE TO EXERCISE REASONABLE AMOUNT OF CARE, THE COURT SHOULD QUESTION THE DEFENDANTS AS TO WHETHER THEY ACTED WITH REASONABLE PRUDENT CARE IN PRODUCTION OF PRODUCT GOVERNED UNDER ~~REGULATION~~ OF FEDERAL FOOD AND DRUG ACT.

10

Plaintiff Claims That Strict Liability Against Defendants For Abnormal Dangerous Condition of Defective Manufactured Product. Abnormal Contents of Shell Particles which are unusual and/or non natural for consumption, Defendants Produced, Manufactured, Distributed Dangerous Canned Soup Product with carelessness Negligence Allegedly uninspected, and Permitted it to be offered For Sale In Exchange For Monetary Value. This created a Substantial Likenhood of Great Harm which Cannot Be Eliminated by the use of Reasonable Care by Defendants . The Defendants et. al. are The Cause in Fact of The Harm That Resulted of Economic Damage, Mental Anguish, Anxiety, Panic Damages as well as Physical Damages. The Damages Sustained by the Plaintiff were Certainly Forceable by the Defendants or Should Have Been Forceable. The Plaintiff Was within the Class of People who were Forceably Endangered by the Defendants et. al. Negligence, Product Liability, Strict Liability, Absolute Liability Tort of Negligence Contributory Negligence, Failure to Act in a Reasonable Caring Manner in Product Production, Neglect Failure To Act with Reasonable Care, Non Performance i.e. Failure to Perform An Obligation, Cause in Fact Proximate Cause, Negligent Consideration, Breach of Warranty Tort Damages, Economic Damage, Physical Damage, Mental Damage Multiple Fault, Causation Reciprocal Risk, Manufacture Defect, Failure To Perform Adaquate, Reasonable

(17)

INSPECTION OF PRODUCED / MANUFACTURED PRODUCT AND PERMITTED DEFECTIVE DANGEROUS, ABNORMAL SOUP PRODUCT LABELED / PROGRESSO NEW ENGLAND CLAM CHOWDER TO BE MARKETED AND SOLD IN EXCHANGE FOR MONETARY CONSIDERATION TO THE PLAINTIFF. DAMAGES THE PLAINTIFF REQUESTS THIS HONORABLE COURT IN PROSE ACTION TO GRANT COMPENSATORY DAMAGES CAUSED BY     HARM BY THE DEFENDANTS ACTIVITY. THE PLAINTIFF ASKS THE HONORABLE COURT TO ADMONISH THE DEFENDANTS ET AL FOR PUNITIVE DAMAGES AS THE HONORABLE COURT DEEMS REASONABLE, THE PLAINTIFF CAN SHOW THAT THE DEFENDANTS WERE RECKLESSNESS IN ALLOWING THE HARM AND DAMAGES SUSTAINED BY THE PLAINTIFF TO OCCURR. THE AMOUNT OF MONETARY DAMAGES SOUGHT BY THE PLAINTIFF AGAINST THE DEFENDANTS ET-AL. IS STATED AT $950,000.00 PLUS PUNITIVE DAMAGES AND RELIEF FOR OUT OF POCKET COURT COSTS LEGAL FEES, CONSULTATION FEES, MEDICAL COSTS, HOSPITAL COSTS, PSYCHIATRIST M.D. COSTS ETC.

(12)

THE TORT OF NEGLIGENCE OCCURS
WHEN THE DEFENDANTS
IMPOSES AN UNREASONABLE RISK
UPON THE PLAINTIFF WHICH RESULTS
IN INJURY AND DAMAGE. THIS IS
A PRIMA FACIE CASE AS THE COMPONENTS
OF NEGLIGENCE ARE (1) DUTY A LEGAL
DUTY REQUIRING DEFENDANTS ET. AL.
TO CONDUCT THEIR MANUFACTURIAL
PROCUREMENT, PRODUCTION, MARKETING
INSPECTION PROCESSES, ACTIVITIES
ACCORDING TO SAFE, REASONABLE, DILIGENT       AL
CARE AND STANDARDS SO AS TO AVOID
UNREASONABLE RISKS TO
AND OTHERS. (2) BREACH A FAILURE       THIS PLAINTIFF
BY DEFENDANTS ET. AL - TO CONFORM
CONDUCT TO REASONABLE SAFE STANDARDS
BEFORE OFFERING PRODUCT FOR MONETARY
VALUE IN THE MARKET TO THIS PARTICULAR
PLAINTIFF AND OTHER CONSUMERS. THIS
MUST BE CONSIDERED BY THIS COURT
AS RECKLESSNESS CARELESS, NEGLIGENCE
WHICH IS GROSS AND EXTREMELY HAZARDNESS,
3) CAUSATION IN FACT AND PROXIMATE
CAUSE WHICH IS SUFFICIENT, SUBSTANTIAL
LINK BETWEEN DEFENDANT'S ET. AL.
ACT OF NEGLIGENCE AND THE RESULTING
DAMAGES (HARM MENTAL STRESS, ANGUISH
ANXIETY SUFFERED BY THE PLAINTIFF.

(4) (B)

THIS IS "PROXIMATE CAUSE".

(4) HARM ACTUAL DAMAGE SUFFERED
BY THE PLAINTIFF. THIS MAY BE
CONSIDERED BY THE COURT AS
ALLEGEDLY PERMISSIVE, INTENTIONAL
TORT WHEREBY PLAINTIFF IS PERMITTED
TO RECOVER DAMAGES. THE TORT
PRINCIPLES UNDER THE USC OF TORT LAW
IMPOSE ON THE DEFENDANTS  :  . (1)
COMPENSATION,  TO  THE PLAINTIFF.
THE DEFENDANTS ET AL. OWED
A DUTY OF REASONABLE DILIGENT
CARE IN PROCUREMENT, MANUFACTURE,
PRODUCTION, MARKETING OF DEFECTIVE
DANGEROUS, ABNORMAL, CONTAMINATED
SOUP PRODUCT AND MUST PAY
COMPENSATION WHERE DEFENDANTS
ET. AL. BREACHED THAT DUTY (2)
DETERRENCE - RELIANCE ON STANDARDS
OF NORM  NEGLIGENCE IS A TORT
(1) ADJECTIVE TO DESCRIBE CARELESSNESS
(2) HIGH STANDARD OF REASONABLE CARE
BY DEFENDANTS        (AVOID FORSEABLE
HARMS) (3) LEGAL CONCLUSION BY
THIS HONORABLE COURT, (4) SYSTEM
OF LEGAL REGULATIONS UPON DEFENDANT

(10)

THE PLAINTIFF REQUESTS PROCESS SERVICE
UPON ALL DEFENDANTS. BY
THE U.S. FEDERAL MARSHALL WITH
PROPER VALID PROCESS
SERVICE AND SUBPOENA AUTHORITY
TO CALL ALL DEFENDANTS,
THEIR GENERAL COUNSEL, OUTSIDE
COUNSEL TO THIS HONORABLE COURT
TO STATE THEIR DEFENSES
IN THIS ACTION INTO THIS HONORABLE
COURT FOR ALL SIGNIFICANT,
SUBSTANTIAL DAMAGES, HARM AS
STATED TO THIS PLAINTIFF. THIS
PLAINTIFF SEEKS RELIEF AS STATED
FROM DEFENDANTS DAMAGES
CAUSED TO THIS PLAINTIFF. FOR
MULTIPLE TORTFEASORS, STRICT
LIABILITY, UNDER U.S. TITLES STATUTES,
OF DIVERSITY ETC AND ASK THIS COURT TO GRANT THIS
RELIEF TO THIS PLAINTIFF AS THIS MONETARY
PLAINTIFF IS GRANTED BY THE U.S.
CONSTITUTION AND U.S.C. TITLES, STATUTES
THE RIGHT TO SUE DEFENDANTS
FOR SINGLE TORTFEASORS AND RECOVE
1009

(15)

PRODUCT LIABILITY - CONCURRENT
NEGLIGENCE CONCERTED
BY ACTION BY TWO OR MORE DEFENDANTS
. JOINT AND SEVERAL LIABILITY
IS THE CUTTING EDGE BECAUSE IT
ALLOWS THIS PLAINTIFF TO GO AFTER
DEEP POCKETS OF THE DEFENDANTS
ET. AL. THIS HONORABLE FEDERAL
DISTRICT COURT IS GRANTED BY THE
U.S.C., TITLE, STATUES OR THE CONSTITUTION
FOR THE PURPOSE OF SHOWING
BY THE PLAINTIFF ABSENCE OF REASONAB.
CARE BY ALL DEFENDANTS ET. AL.
IN THE PROCUREMENT, MANUFACTURE,
PRODUCTION AND MARKETING OF HARMFUL,
NEGLIGENT PRODUCT WHICH HAS CAUSED
THIS PLAINTIFF TO SUSTAIN SIGNIFICANT
SUBSTANTIAL ECONOMIC, MENTAL, EMOTIONAL
PHYSICAL DAMAGES WHICH ARE
UNREVERSABLE DAMAGES TO PLAINTIFF. DEFENDANTS FAILED
FAILED SUBSTANTIALLY IN
IN THE PRODUCTION OF NEGLIGENT
DEFECTIVE SOUP PRODUCT AND SHOULD
BE JUDGED BY JURY TRIAL TO
BE GUILTY OF ALL ALLEGATIONS

(5) LABEL OF PHILOSOPHY
OF COMPENSATION REQUESTED
BY PLAINTIFF AGAINST
DEFENDANTS.        , FOR FOR
SPECIFIED PERSONAL INJURY TORTS.

(6) ALL PERSONS, CORPORATIONS ETC.
ARE UNDER A DUTY TO CONDUCT
THEIR FUNCTIONS, CONDITIONS, ACTIVITY
IN ALL DIVERSE, ACTIVITIES, ACTIVITIE
SO AS NOT TO CREATE ANY
UNREASONABLE RISK OF HARM, DAMAGE,
BY THEIR NEGLIGENCE, TORTS
AND SHOULD BE REPRIMANDED
BY THIS COURT FOR THEIR RECKLESS,
UNREASONABLE, UNSAFE STANDARDS,
AND PUNISHED FOR DEFENDANTS ETAL.
ACTIVITIES, ACTIONS WHICH RESULTED
IN SIGNIFICANT DAMAGE TO THIS
PLAINTIFF. THE PLAINTIFF REQUESTS
THAT THIS ACTION AGAINST ALL
NAMED DEFENDANTS ETAL BE
ACCEPTED INTO THIS HONORABLE COURT
FOR TRIAL BY JURY. THE PLAINTIFF
CAN PRODUCE, MEDICAL, DOCTOR RECORDS,
PSYCHIATRIST M.D. RECORDS, HOSPITAL,
RECORDS FROM TWO MAJOR HOSP



IN NASSAU COUNTY, STATE OF
NEW YORK SHOWING REFLECTING
ALL SUBSTANTIAL, SUSTAINED ALL
DAMAGE, LETTER OF CONSIDERATION FROM DEFEND.
INCLUDING COPY OF CHECK FROM
DEFENDANTS       ↳ FOR $75.00
ALONG WITH COUPONS(8) FOR PINSBURY
BISQUIT PRODUCT AND LIST OF ALL
REPRESENTATIVES OF ALL DEFENDANTS
    .. NAMES, DATES OF DISCUSSIONS
REGARDING COMPLAINT AND LETTER
FROM GENERAL MILLS INC REPRESENTATIVE
ON PROGRESSO LETTERHEAD STATING
AND OFFERING CONSIDERATION FOR
SUSTAINED DAMAGES
THE PLAINTIFF PRO SE IS
CONSIDERING    MOTION TO MOVE
THIS HONORABLE COURT TO TRIAL
BY JURY AND A MOTION FOR SUMMARY
JUDGEMENT IN TRIAL ACTION
FOR ALL SUSTAINED DAMAGES
AS STATED AGAINST ALL DEFENDANTS ET AL.
CAUSES OF ACTION HAVE BEEN
STATED WITH           TRUTHFULLNE

( 17 )

CAUSE IN FACT SHOWN THAT THE DEFENDANTE,
CONDUCT WAS THE CAUSE IN FACT
OF PLAINTIFF'S INJURY. PLAINTIFF
SHOWE "CAUSE IN FACT" IS TO SHOW
DEFENDANTS CONDUCT WAS A "BUT FOR"
CAUSE OF PLAINTIFF INJURIES HAD ALL
DEFENDENTS NOT ACTED NEGLIGENTLY
PLAINTIFFS INJURIES WOULD NOT HAVE
RESULTED. ~~~~~~~~~~~~~~~~
THIS PLAINTIFF SEEKS COURT ORDER
TO ENJOIN ALL DEFENDANTS ET AL
INTO JOINT LIABILITY - LIABILITY
SHARED BY TWO OR MORE PARTIES

NEGLIGENT INFLICTION OF EMOTIONAL
DISTRESS. THE COURT APPLIES A
REASONABLE FORESEEABILITY STANDARD
   1 PHYSICAL PROXIMITY
   2 SENSORARY PROXIMITY
   3 RELATIONAL PROXIMITY,
RES/IPSA LAQUITUR - THIS DOCTRINE
SPEAKS FOR ITSELF AND ALLOWS THE
PLAINTIFF TO POINT TO THE FACT OF
THE INCIDENT AND CREATE AN INFERENCE
THAT EVEN WITHOUT A PRECISE
SHOWING OF HOW DEFFENDANTS ET AL.
BEHAVED ALL DEFENDANTS      WERE
NEGLIGENT

48)

STRICT LIABILITY - THE PLAINTIFF
ALLEGERS THAT ~~THE~~ ALL OF THE DEFENDANTS
JOINTLY          ~~r~~ ARE LIABLE FOR NEGLIGENCE
EVEN WITHOUT PROOF OF EVIDENCE IN THE STANDERDS
OF NEGLIGENCE THE DEFENDANTS (ALL) JOINTLY
ET. AL. HAVE A DUTY NOT TO MANUFACTURE, PRODUCE
MARKET DANGEROUS PRODUCTS SUCH AS THAT WHICH
~~PRODUCES~~ ~~THAT~~ ~~ANY~~ ( PLAINTIFF CONSUM
~~FACTORS IN DETERMINING~~ ~~WHETHER~~ MANUFACTURED
PRODUCED PRODUCT ~~WAS~~ ABNORMALLY DANGEROUS ARE
HIGH DEGREE OF RISK, GRAVITY OF HARM, DAMAGES ETC
(HAT)                         BY THE PLAINTIFF
THIS CIVIL ACTION FILED
AGAINST ALL DEFENDANTS ET AL IS "RELATED"
~~STATED~~ AS THIS ACTION INVOLVES THE SAME
FACTUAL ISSUES, OR ~~GROWS OUT OF THE~~
UNDER 50.3 RELATED CASES. ~~THE~~ THE
PLAINTIFF ASK THIS HONORABLE COURT
PERMISSION TO CONSOLIDATE AND EN-JOIN
ALL DEFENDANTS ET. AL. INTO A CONSOLIDATED
GROUP FOR THE PURPOSE OF SAVING
OF JUDICIAL RESOURCES.

WHILE THERE IS NO LAW EXCEPT FOR
THE FEDERAL FROD AND DRUG ACT AND
OSHA RULES OF SAFETY WHICH REQUIRES
A COMPANY (COMPANIES) DEFENDANTS
ET. AL. TO PROVIDE A WRITTEN WARRANTY
ON ITS MANUFACTURE PRODUCTS, FEDERAL
LAWS EXTEND SPECIAL PROTECTION TO
CONSUMERS WHO PURCHASE MANUFACTURED
PRODUCTS WHICH ARE DEFECTIVE, DANGEROUS
HARMFUL ETC. ALL PRODUCTS PRODUCED
TO BE SOLD TO CONSUMERS CARRY AN
IMPLIED WARRANTY OF MERCHANTABILITY
~~THE~~ e.g. IF THE PLAINTIFF PURCHASES A PRODUCT

(19)

FOR A PARTICULAR PURPOSE THE
MANUFACTURED (PRODUCED) PRODUCT
MUST BE SAFE, PRODUCED WITH
CARE AND BE SAFELY ~~CONSTANT~~ PRODUCED
~~IT~~ WITH DILLIGENT CARE ~~AND~~ MARKETED
AND ABLE TO FULLY SATISFY THE
CONSUMER/BUYER IN THIS ACTION, THIS
PARTICULAR PLAINTIFF. THIS PLAINTIFF
WILL SHOW AS THE COURT INSTRUCTS
THAT DEFENDANTS         , UNREASONABLE
CONDUCT IMPOSED AN UNREASONABLE
RISK OF HARM DANGER, AND SIGNIFICANT
DAMAGES ON THIS PLAINTIFF, IN
DETERMING WHETHER THE RISK OF
HARM, DAMAGE SUSTAINED BY THE
PLAINTIFF FROM DEFENDANTS NEGLIGENCE
WAS SO GREAT AS TO BE "UNREASONABLE"
THIS HONORABLE COURT MAY USE
A BALANCING TEST. ⊙ BJECTIVE STANDARD
THE UNREASONABLENESS, NEGLIGENCE,
TORT LIABILITY, PRODUCT LIABILITY ETC
FOR ~~PRODUCT~~ PRODUCTION/MARKETING OF A PRODUCT UNSAFE,
DANGEROUS, HARMFUL IS CONCLUDED
BY THE PLAINTIFF THAT THE DEFENDANTS
ET AL. CONDUCT IS VIEWED UNDER AN
OBJECTIVE STANDARD. WOULD A REASONABLE,
PRUDENT RESPONSIBLE DEFENDANTS        .
DO AS DEFENDANTS ET AL DID IN FAILING

TO PRODUCE A REASONABLELY SAFE
CONSUMABLE SOUP PRODUCT OR SHOULD
THIS PLAINTIFF AND OTHERS BE
ALLOWED TO SUFFER SUSTAINED DAMAGE
ECONOMIC, MENTAL, PHYSICAL . DAMAGE?
BY THE CARELESS, RECKLESS, BEHAVIOR
OF THESE PARTICULAR DEFENDANTS ET AL
OF COURSE, THE CONCLUSION DRAWN
BY THIS PLAINTIFF IS CERTAINLY NO
AND THESE DEFENDANTS ET AL, MISREPRESENTED
BREACHED WARRANTY
MISREPRESENTED THEIR PRODUCT, THUS
COMMITTINC AN ACT OF FRAUD UPON
THE PLAINTIFF WHO IS ACTING
IN A PROPER MANNER TO SUE THE DEFENDANTS
. . . . FOR SUBSTANTIAL, SIGNIFICANT
DAMAGES, PUNITIVE DAMAGES, AND
RECOVER ALL COURT, LEGAL, EXPERT
WITNESS FEES, ETC AS STATED DEFENDANTS
NEGLIGANCE, USE OF THE FEDERAL
MAIL TO FORWARD A LETTER TO CONSUMER, A.D.
(INDICATING THAT THEY HEARD THIS COMPLAINT
AND FULLY ACTED IN INEQUITABLE,
UNREASONABLE, UNFAIR MANNER TO
INTENSIFY MENTAL, PHYSICAL DAM . .

(31)

SUCH FAILURE, MISCONDUCT,
NEGLIGENCE, MISREPRESENTATION,
PRODUCT LIABILITY, TORT LIABILITY,
ABSOLUTE LIABILITY, STRICT
LIABILITY, NEGLIGENCE PER SE
CAUSATION, FRAUD, PROXIMATE CAUSE,
CAUSE IN FACT, AD DAMNUM,
GROSS NEGLIGENCE, ~~ATTORNORS FEES~~,
NEGLECT, NON PERFORMANCE, TORT OF
NEGLIGENCE, CONSCIENCE SHOCKING,
CONTRIBUTORY NEGLIGENCE, CUPA LATA,
NEGLIGENT CONSIDERATION, NUISSANCE
RES IPSA LOQUITUR, PRIMA FACIE
CAUSE, RECIPROCAL RISK, ETC
UNDER THE ARTICLES, TITLES, STATUTES
OF THE FEDERAL USC CODE INCLUDING
DIVERCITY GRANT THIS DEFENDANT
RELIEF FOR ALL DAMAGES SUSTAINED
WHICH WILL BE PROVEN IN JURY
TRIAL. THE DEFENDANTS ... SHOULD
BE HELD FULLY LIABLE, PESONALLY
AND AS CORPORATIONS FOR THE ABOVE
STATED ~~LEGAL~~ CAUSES. WHAT RIGHT
DO THE DEFENDANTS            HAVE
AS LARGE CORPORATIONS AND PERSONS

(22) U.S. FEDERAL U.S.C,

TO VIOLATE THE TITLES, ARTICLES
STATUTES OF THE FEDERAL U.S.C, CODE
AND CONSTITUTION BY RECKLESSNESS
ENDANGERMENT, MISMANAGEMENT,
ALLEGED UNREASONABLE CONDUCT
TO CAUSE SUCH ECONOMIC, PHYSICAL,
MENTAL ANGUISH PAIN AND SUFFERING
PANIC, EMOTIONAL DAMAGE TO
THIS PLAINTIFF AND OTHERS " THE
~~STRE~~ PEOPLE " WHO CANNOT AFFORD ~~HI~~ ~~DACS~~
ATTORNEYS, COUNSEL, CONSULTANTS
TO ASSIST IN SUCH ACTIONS AS THIS PROCESS
PRO SE UNDER PAUPER STATUS USING EVERY LEGAL U.S.C. TITLE, STA
~~PLAINTIFF~~ ~~STATUTE, ARTICLE~~ ~~CERTAINLY~~ ~~THE~~ ~~DEFENDANTS~~
~~SUCH~~ ~~OFFERED~~ ~~AL CONSIDERATION~~ TO SUE DEEP POCKET DEFENDANTS FOR ~~DED~~ DAMA.
~~AFTER~~ ~~CONTACT~~ ~~BY~~ ~~INTERSTATE~~ ~~TELEPHONE~~
AN INSIGNIFICANT ~~CONSIDERATION,~~ ~~A FEW~~
~~DISCOUNT~~ ~~COUPONS~~ AND ~~A SMALL DOLL~~
~~ARE~~ AM I AS THE PLAINTIFF REJECTING
ALL ~~SUCH~~ OFFERED CONSIDERATION ~~AND~~ BY THE DEFENDANTS, CERTA
REACHING INLY
OUT FOR THIS HONORABLE COURT TO
GRANT THE PLAINTIFF ~~TO ME A SOMEWHAT HUMBLE~~
~~PLAINTIFF OF~~ PAUPER STATUS THE
AUTHORITY OF THE FEDERAL U.S.G ARTICLES
~~T ... STATUTES ... TO COMPLAIN, FILE~~

(28)

A FEDERAL COMPLAINT IN THIS HONORABLE COURT, BE GRANTED SUMMONS BY US FEDERAL MARSHALL SUBPONEA ATHORITY TO CALL ALL DEFENDANTS JOINTLY INTO THIS HONORABLE COURT WITH THEIR COUNSEL AS SOUGHT AND BE GRANTED RELIEF FOR ALL DAMAGES, HARM, DIMINISHED CAPACITY DUE TO ALL DEFENDANTS ACTIONS MISCONDUCT FAILURE TO PERFORM WITH REASONABLE CARE. THE PLAINTIFF REQUEST THIS HONORABLE COURT TO ACCEPT THIS ACTION INTO THIS FEDERAL DISTRICT COURT AS PRO SE, PAUPER STATUS AND GRANT ALL RELIEF REQUESTED, $950,000.00 FOR DAMAGES SUSTAINED BY PLAINTIFF, PUNATIVE DAMAGES AS DEEMED REASONABLE BY THIS HONORABLE COURT BY JURY TRIAL REIMBURSEMENT TO PLAINTIFF FOR ALL COURT, ATTORNEY COUNSEL

(24A)

COSTS, INTEREST FROM DATE OF FILING THIS COMPLAINT WHICH APPROXIMATES NINE PERCENT PER ANNUM UNTIL FINAL JUDGEMENT AGAINST ALL DEFENDANTS JOINTLY, ~~~ ARE DECIDED IN THIS HONORABLE COURT BY JURY TRIAL AS WELL ~~AS APOLOGY TO PLAINTIFF~~ AS ~~AND~~ DAMAGES AWARDED FROM DIRTY HANDS OF DEFENDANTS (ALL) JOINTLY

~~- OF PERSONAL CONTRIBUTIONS TOTALLING AT LEAST ONE THOUSAND DOLLARS TO THE VICTIMS AND FAMILIES OF THE WORLD TRADE CENTER N.Y. RELIEF FUND AS DETERMINED BY THE MAGISTRATE OF THIS COURT ALONG WITH A FULL PAGE ADVERTISEMENT IN AN ISSUE OF NEWSPAPER U.S.A. TODAY THAT GENERAL MIKE (OR) THE PLAINTIFF NOW ACTS BOARD ... DIRECTORS OF SUCH CORPORATION SUBSIDIARIES AFFILIATES PILLS BURY COMPANY PROGRESSO GIANT FOODS COMPANY ... HIGHEST STANDARDS OF CONDUCT~~

I ASK THIS HONORABLE COURT TO HAVE
ALL DEFENDANTS                    IN THIS
COMPLAINT/CIVIL ACTION TO EXPLAIN
TO THIS COURT AND TO THIS DEFENDANT
WHAT AUTHORITY, RIGHT, ETHIC BELIFE, BEHAVORIAL
CODE THEY PRACTICE AND FOLLOW AS REPRESENTATIVES
OF THEIR SHAREHOLDERS, WITH THEIR DEEP POCKETS
TO CAUSE TO THIS PLAINTIFF AND OTHERS
PEOPLE AS CONSUMERS SUCH DAMAGES AS ALLEGED
AND THE REASON FOR THEIR FAILURE TO CONDUCT
THEIR REPRESENTATIVES OPERATIONS IN REASONABLE
PRUDENT CARE SO AS NOT TO BRING FORTH ANY
FUTURE DAMAGES TO ANY OTHER PERSONS OR
CITIZEN OF THESE UNITED STATES. THEY
SHOULD BE ADMONISHED BY THIS COURT
FOR THEIR ACTIONS AND BE COMPENSATED
TO RESPOND TO THIS COMPLAINT
EACH AND
DEFENDANTS TO COMPENSATE THIS DAMAGED PLAINTIFF.

~~AND THE PART ( TO ) WHOLE TO THIS PLAN~~
~~UNREASONABLE STAFF, CLERK~~
~~THEIR DIRTY HANDS ETC~~

IN THIS HONORABLE COURT AND
THAT THIS CIVIL ACTION COMMENCE
SOONEST, THE PLAINTIFF UNDER
PAUPER STATUS BE PERMITTED
TO FILE THIS COMPLAINT WITH
CERTAIN DOCUMENTS TO THE CLERK
PRO SE IN THIS COURT AND
THAT THIS COURT UNDER ALL
PLEADINGS STATUTES, TITLES, ARTICLES
OF THE CONSTITUTION U.S.C. CODE
GRANT ACCEPTANCE OF THIS CIVIL ACTION
AGAINST ALL DEFENDANTS, GRANT TO
PLAINTIFF AUTHORITY TO PROCEED
TO HAVE THE US FEDERAL MARSHALL
PROCESS SERVE THE COMPLAINT UPON
ALL DEFENDANTS JOINTLY,
AND ALLOW THIS COMPLAINT TO BE HEARD
BY THIS PRECISE HONORABLE DISTRICT

(27)

FEDERAL COURT. ~~TO ALL~~ THE PLAINTIFF NOW SUES
JOINTLY ~~ ~~ DEFENDANTS
DAMAGES AND ~~THAT~~ REQUEST THIS ~~COT~~ FEDERAL FOR STATED
DISTRICT COURT TO ENJOIN ALL
DEFENDANTS TO RESPOND TO
THIS COMPLAINT WITHIN THE
STATUTORY TIME OF TWENTY OR
THIRTY DAYS FROM RECEIPT
OF PROCESS BY THE U.S. FEDERAL
MARSHALL. FUTHER, THE PLAINTIFF
REQUESTS THIS HONORABLE TO
DOCKET (INDEX) THIS COMPLAINT AS
TIMELY FILED AND ADDITIONALLY
GRANT VENUE IN THIS COUNTY,
THE LONG ARM STATUTE OF THE
U.S.C. ~~TO HAVE~~ PERMITS THIS COURT TO COMMAND DEFFENDANTS TO APPEAR
OR THEIR COUNSEL IN THIS FEDERAL
DISTRICT TO RESPOND TO THIS COMPLAINT.
THE PLAINTIFF DUE TO VARIOUS REASONS
CANNOT TRAVEL TO FEDERAL DISTRICT COURT
∨ CENTRAL ISLIP, NEW YORK AS PLAINTIFF
JO HONORS ~~D~~

TO TRAVEL TO SUCH (20) COURT HOUSE
AS ONLY MEANS OF TRANSPORTATION
(THE ~~HELP CAR~~) WAS DAMAGED RECENTLY
IN SUFFOLK COUNTY NEW YORK.
PLAINTIFF CAN REACH THIS COURT
BY THE LONG ISLAND RAILROAD
AND THE NEW YORK CITY
SUBWAY. TRANSFER OF THIS
COMPLAINT TO CENTRAL ISLIP
FEDERAL DISTRICT COURT WOULD
CREATE AN UNREASONABLE HARDSHIP
TO TRAVEL TO SUCH LOCATION
AS MASS TRANSIT IS NOT AVAILABLE
PLAINTIFF WOULD HAVE TO TRAVEL
PARTLY BY TAXI CAB WHICH WOULD
BE EXPENSIVE AND UNREASONABLE.
~~.......~~. THE PLAINTIFF
AWAITS THE DECISION BY THIS COURT
TO PROCEED WITH THIS COMPLAINT
IN THIS HONORABLE COURT AT CADMAN PLAZA,
KINGS COUNTY BROOKLYN NEW YORK